**LEWIS BRISBOIS BISGAARD & SMITH LLP**
THOMAS E. MULVIHILL, SB# 129906
    Email: Thomas.Mulvihill@lewisbribois.com
JULIAN J. PARDINI, SB# 133878
    Email: Julian.Pardini@lewisbribois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Plaintiff ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LORENZO MARQUEZ, an individual doing business as LM CONSTRUCTION, KAREN M. KING, DAMIAN LUTZ, ADAN CRUZ SANTOS, MARICELA SOLORIO HEREDIA, CONRAD S MARIS, ANH M. MARIS, PAUL MONTEMURRO, MARIA GUADALUPE OCHOA, BRANDON RAMOS ESTRADA, HERIBERTO RAMOS ESTRADA, LARRY EDWARD RODRIGUEZ JR., AGNES A. RODRIGUEZ, BRYCE G. ROSE, LESLEY C. ROSE, MARIA T. GUTIERREZ, JOSE L. GUTIERREZ, FRANCISCO J. GONZALEZ, MARIA GUADALUPE GONZALES, ARTURO ROCHA JR., GABRIEL SANCHEZ, MARIA PERLA-HERNANDEZ GUILLEN, RAYMUNDO MENDEZ, DOMINGO OSCAR GABRIEL, GUADALUPE YADHIRA VILLEGAS CRUZ, CIRILO MOLINA, and MARIA ISABEL MOLINA,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMES NOW** Plaintiff ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN") and alleges as follows:

/ / /

## JURISDICTION

1. This is an Action for declaratory judgment pursuant to 28 U.S.C. § 2201 in which the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) (1) and (c) (1).

## VENUE

2. A substantial part of the events and omissions giving rise to this Action and each of the Defendant's business activities and contacts within this judicial district are sufficient to subject Defendants to personal jurisdiction within this judicial district. Accordingly, venue in the Eastern District of California is appropriate pursuant to 28 U.S.C. §§ 1332(a) (1) and (c) (1), and 28 U.S.C. § 1391(d).

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Eastern District of California Local Rule 120(d), a substantial part of the events and omissions giving rise to this Action occurred in Merced County, California. Accordingly, this Action should be assigned to the Fresno Division of the Eastern District of California.

## PARTIES

4. ATAIN is, and at all times relevant hereto was, a corporation in good standing, organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan, and authorized to write insurance as a surplus lines insurer in the State of California. Accordingly, ATAIN is a citizen of the State of Michigan for the purposes of diversity jurisdiction.

5. LORENZO MARQUEZ is an individual residing in the State of California and doing business as LM CONSTRUCTION ("LMC"), with its principal place of business in Madera, California. Accordingly, LORENZO MARQUEZ and LMC is a citizen of the State of California for the purpose of diversity jurisdiction.

6. KAREN M. KING, DAMIAN LUTZ, ADAN CRUZ SANTOS, MARICELA SOLORIO HEREDIA, CONRAD S MARIS, ANH M. MARIS, PAUL MONTEMURRO, MARIA GUADALUPE OCHOA, BRANDON RAMOS ESTRADA, HERIBERTO RAMOS ESTRADA, LARRY EDWARD RODRIGUEZ JR., AGNES A. RODRIGUEZ, BRYCE G. ROSE, LESLEY C.

ROSE, MARIA T. GUTIERREZ, JOSE L. GUTIERREZ, FRANCISCO J. GONZALEZ, MARIA GUADALUPE GONZALES, ARTURO ROCHA JR., GABRIEL SANCHEZ, MARIA PERLA-HERNANDEZ GUILLEN, RAYMUNDO MENDEZ, DOMINGO OSCAR GABRIEL, GUADALUPE YADHIRA VILLEGAS CRUZ, CIRILO MOLINA, and MARIA ISABEL MOLINA (collectively, "UNDERLYING PLAINTIFFS") are all individuals residing in the State of California. Accordingly, these individuals are citizens of California for the purpose of diversity jurisdiction.

## UNDERLYING ACTION

6. On August 30, 2019, a putative Class Action construction defect suit was filed in the Merced County Superior Court, Action No. 19CV-03814, entitled: *Karen M. King, et. al. v. Casas Moderna, LLC, et. al.* ("Underlying Action"). The UNDERLYING PLAINTIFFS are identified as the owners of 16 single family homes located in Dos Palos, California. Three of the UNDERLYING PLAINTIFFS are identified as class representatives; and each of the 16 homes are collectively referred to as "Class Homes." A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A.**

7. The Complaint alleges that defendant LORENZO MARQUEZ is an individual doing business as LMC; that defendant LMC is the alter ego of LORENZO MARQUEZ; that LORENZO MARQUEZ is the managing member, officer and alter ego of defendant LMLLC, a limited liability company; and that each of these defendants are engaged in the business of the development, design, construction, and sale of real estate. The Complaint additionally names Casas Moderna, LLC, Richard Scagliotti dba Taliaferro & Scagliotti, and James Taliaferro dba T&S dba Taliaferro & Scagliotti as defendants; and similarly alleges that these defendants are engaged in the business of the development, design, construction, and sales of real estate.

8. The Complaint avers that there exists a unity of interest among all defendants; that all defendants are the "alter ego, joint venture and enterprise of the other"; and that all defendants have a "joint economic and business interest, goal and purpose in the development of the works of improvement that are the subject of this lawsuit." In this regard, the Complaint alleges that all defendants were engaged in the business of residential real estate development and the mass production and sale to the public of "residential dwellings", including "single family homes, including

but not limited to the Class Homes owned by UNDERLYING PLAINTIFFS; and "participated in" the construction of "mass produced single family homes" including, but not limited to, the Class Homes owned by UNDERLYING PLAINTIFFS.

9. The Complaint asserts that the class of persons which the representatives seek to represent is composed of "all citizens of California who own Class Homes located in California that were "developed, designed, constructed, marketed, and/or sold by defendants"; that the Class Homes suffer from "common class water heater system deficiencies" which fell below the construction and performance standard for standards for "residential" water heater systems; that defendants installed the deficient water heater system in at least 50 homes in California; and that the water heater system is inherently defective and substantially certain to malfunction during its useful life, causing damage and necessitating repairs.

10. The Complaint states eight causes of action for Strict Liability, Negligence, Negligence Per Se, Breach of Express Warranties, Breach of Implied Warranties, Breach of Contract, Breach of Third Party Beneficiary Contact, and Violation of California Civil Code §§ 896, et seq.;

11. In the first cause of action, for Strict Liability, the Complaint alleges defects, deficiencies, and/or performance failures with respect to the water heater system common to the Class Homes. The Complaint alleges that these systems and products and components are inherently defective and are substantially certain to result in malfunction during their useful life, and that defendants are strictly liable for all related damages.

12. The second cause of action for Negligence alleges that defendants were under a duty to exercise ordinary care or otherwise act to avoid reasonably foreseeable injury to users and purchasers of the homes. In this regard, the Complaint alleges that defendants carelessly and negligently developed, planned, designed, constructed, modified, inspected, manufactured, labeled, supplied, distributed, and/or performed work, repairs, and services at the Class Homes, and that this conduct directly and proximately caused the alleged defects and damages.

13. The third cause of action for Negligence Per Se alleges that pursuant to California Civil Code §§ 895, et seq., local building codes and ordinances, defendants owed duties and non-delegable duties to develop, construct, plan, design, manufacture, label, and/or inspect the Class Homes in

accordance with the requirements of the building codes, statutes, ordinances, and that defendants breached their duties by negligently developing, constructing, planning, designing, manufacturing, labeling, supplying, distributing and/or inspecting the Class Homes.

14. The fourth cause of action for Breach of Express Warranties alleges that defendants breached their express warranties by developing, designing, constructing, manufacturing, labeling, and selling the Class Homes with the water heater system deficiencies.

15. The fifth cause of action for Breach of Implied Warranty alleges that defendants impliedly warranted that the Class Homes were of merchantable quality, were built in a reasonably workmanlike manner, and were fit for the specific use intended, and were constructed in a "commercially reasonable, habitable and workmanlike manner" when defendants offered the Class Homes "for sale as new construction for use as residences." The Complaint alleges that defendants breached this warranty.

16. The sixth cause of action for Breach of Contract alleges that defendants breached the purchase and sales contracts by failing to provide Class Homes that were developed, designed, and constructed in a workmanlike manner and in accord with plans, specifications, building codes, ordinances, statutory standards, representations of quality, and manufacturer instructions.

17. The seventh cause of action for Breach of Third Party Beneficiary Contract alleges that defendants entered into contracts with various professionals, general contractors, subcontractors, material suppliers, system builders, suppliers of completed products, and/or other suppliers for the development, design, construction, and inspection of the Class Homes to which UNDERLYING PLAINTIFFS were beneficiaries; and as a direct and proximate result of the defendants' breach of these contracts, UNDERLYING PLAINTIFFS have suffered damages.

18. The eighth cause of action for violation of California Civil Code §§ 896, et seq. alleges that defendants violated statutory standards regarding residential construction. UNDERLYING PLAINTIFFS seek damages for the reasonable value of repairing any violation of the standards, the reasonable cost of repairing any damages caused by the repair efforts, the cost of repairing and rectifying any damages resulting from the failure of the Class Homes to meet the standards, the reasonable cost of removing and replacing any improper repair by the defendants, reasonable

relocation and storage expenses, lost business income, if any, of the home used as a principal place of a business, reasonable investigative costs, and all other costs or fees recoverable by contract or statute.

19. On September 26, 2019, a First Amended Complaint ("FAC") was filed in the Underlying Action. A true and correct copy of the FAC is attached hereto as **Exhibit B.** In relevant part, the allegations in the FAC generally parallel the allegations in the Complaint, except for the first cause of Underlying Action for Strict Liability, to which UNDERLYING PLAINTIFFS added a list of twenty three (23) separate defects. More specifically, the FAC alleges in this regard that defendants were in "full control of the construction" and did not "properly" "construct" the Class Homes in a workmanlike manner which has manifested in the following defects:

a. Soil engineering and compaction, foundation design and construction, concrete slab, foundation, footings, driveway, concrete flatwork, concrete steps, including but not limited to cracks, separations, heaving, expansive soils, inadequate foundation.
b. Site drainage.
c. Perimeter wall and fence installation.
d. Window and sliding door flashing, framing, installation.
e. Roof flashing, framing, sheet metal, installation of roof components.
f. Stucco, including but not limited to installation, flashing, lath, plaster, plant-ons, weep screeds.
g. Rough carpentry/framing, including but not limited to structural support, sheathing, nailing, shear transfer, draft stops, fire stops, rafter framing, uneven framing, shear panel and sill plate issues.
h. HVAC system and components, including but not limited to, unsealed condenser unit, missing FAU unit heat shield, condensate drain system leaks, gas exhaust venting, and condensate drains missing trap.
i. Plumbing system and components, including but not limited to, dis-similar metals, toilet, sediment trap or drip leg on water heater gas line, missing water heater drip pan.
j. Interior and exterior doors, deadbolt screws and strike plate.
k. Ceramic floor tile, including but not limited to, hollow tiles, cracked grout joints.
l. Interior and exterior primer and paint; unpainted tops, bottom and sides of doors.
m. Countertop construction, finish, installation.
n. Drywall installation.
o. Tub and shower walls, flashing, shower door, mixer valve, unprotected surfaces above tub.
p. DWV lines, dryer vent, water heater vent installation issues.
q. Doors - weather-stripping, sills, door shoes, and door frame.
r. Cabinet and finish carpentry installation.
s. Carpet installation issues.
t. Countertop backsplash installation.
u. Construction debris buried in yards.
v. Exterior openings not screened.
w. Electrical system, including, but not limited to, the junction box; exterior electrical fixtures; GFCI.

1     20.    Based on the above, the FAC seek "consequential" property damage which include, *inter alia*, property damage related to the water heater system deficiencies, cracks in the concrete foundation, water intrusion into the Class Homes, costs to repair and correct defects and deficiencies in the Class Homes, costs to conform the Class Homes to applicable building codes, and loss of use.

## ATAIN POLICIES

21.    ATAIN issued four consecutive policies to LMC: Policy CIP191238 (09/11/13 - 09/11/14) ("First Policy"); CIP218835 (09/11/14 - 09/11/15) ("Second Policy"); CIP266506 (09/11/15 - 09/11/16) ("Third Policy"); and CIP283886 (09/11/16 - 09/11/17) ("Fourth Policy") (collectively "Policies"). The Named Insured identified in the Declarations is LORENZO MARQUEZ dba LMC. The form of business is described as an "Individual." The Business Description is "Remodeling Contractor." True and correct copies of the First, Second, Third and Fourth Policies are attached hereto as **Exhibits C through F.**

22.    The Policies contain the following Insuring Agreement:

"SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

   1. Insuring Agreement

   1. a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"[1] or "property damage"[2] to which this insurance applies. We will have the right and duty to defend the insured against any "suit"[3] seeking those damages. .However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

---

[1] "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[2] "Property Damage" means (a) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or (b) loss of use or tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it . . .

[3] "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies is alleged. "Suit" includes: (a) an arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or (b) any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.



4842-7209-6684.1

7

COMPLAINT FOR DECLARATORY RELIEF

We may, at our discretion, investigate any "occurrence"[4] and settle any claim or "suit" that may result."

23. Each of the Policies contains a version of a NEW CONSTRUCTION RESIDENTIAL EXCLUSION ("NCRE").

24. With respect to the First Policy, the NCRE provides as follows:

"In consideration of the premium charged, it is understood and agreed that no coverage exists and no duty to defend is provided for:

Any and all claims, including but not limited to, claims for "bodily injury", "property damage" or "personal and advertising injury", arising out of, related to, caused by, or associated with, in whole or in part, the "new construction" of residential properties, including but not limited to, single family dwellings, duplexes, three and four family dwellings, townhomes or condominiums. This includes any and all appurtenances at any properties referenced in this endorsement including, but not limited to, clubhouses, detached garages, detached buildings and swimming pools.

This exclusion applies to any operations that occur:

1. Prior to the inception of this policy:
2. During this policy term; or
3. Prior to the inception of this policy and continues during the policy term.

"New construction" means operations that involve the original construction of a building or building unit.

This endorsement would not apply to:

1. Any apartment buildings; or
2. Any operations in the States listed below:

All other terms and conditions of this policy remain unchanged.

25. With respect to the Second, Third, and Fourth Policies, the NCRE provides as follows:

In consideration of the premium charged, it is understood and agreed that no coverage exists and no duty to defend is provided for:

---

[4] "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

> Any and all claims, including but not limited to, claims for "bodily injury", "property damage" or "personal and advertising injury", arising out of, related to, caused by, or associated with, in whole or in part, the "new construction" of residential properties, including but not limited to, single family dwellings, duplexes, three and four family dwellings, townhomes or condominiums. This includes any and all appurtenances at any properties referenced in this endorsement including, but not limited to, clubhouses, detached garages, detached buildings and swimming pools.
>
> This exclusion applies to any operations that occur:
>
> 1. Prior to the inception of this policy;
> 2. During this policy term; or
> 3. Prior to the inception of this policy and continues during the policy term.
>
> "New construction" means operations that involve the original construction of a building or building unit.
>
> This endorsement would not apply to:
>
> 1. Any apartment buildings;
> 2. Any mobile homes; or in
> 3. Any operations in the States listed below:
>
> All other terms and conditions of this policy remain unchanged."

26. Each of the Policies contain a JOINT VENTURE PROVISION ("JVP") under Section II – WHO IS AN INSURED, which provides as follows

> "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."

## DEFENSE OF UNDERLYING ACTION

27. Following a tender of defense by Named Insured LORENZO MARQUEZ dba LMC under the Policies in connection with the Underlying Action, ATAIN agreed to defend LORENZO MARQUEZ dba LMC under a reservation of rights, including the right to seek a judicial declaration that no duty to defend was triggered under the Policies with respect to the Underlying Action, and to recover all defense fees and costs incurred by ATAIN in the defense of LORENZO MARQUEZ dba LMC in connection with the Underlying Action.

///

## FIRST CAUSE OF ACTION

### Declaratory Judgment – No Duty to Defend Based on NCRE

28.   ATAIN incorporates the allegations contained in Paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29.   The Policies' Insuring Agreement provides that ATAIN will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", limits the duty to defend to "suit" seeking those damages; and directs that "no duty to defend" sounds against any "suit" seeking damages "to which this insurance does not apply".

30.   The Underlying Action seeks "property damage" against LORENZO MARQUEZ and LMC, as that term is defined the Policies, arising out of the new construction of residential properties.

31.   The NCRE excludes coverage for "property damage" asserted against LORENZO MARQUEZ and LMC arising out of the new construction of residential properties.  Specifically, the NCRE expressly excludes "property damage" "arising out of, related to, caused by, or associated with, in whole or in part", the "new construction" of "residential properties", which includes "single family dwellings." In the Underlying Action, all of the alleged "property damage" arises out of the "new construction" of "residential properties" within the context of the NCRE.  Accordingly, the NCRE bars any potential for indemnity coverage under the Policies; and in the absence of such indemnity coverage no duty to defend LORENZO MARQUEZUEZ and LMC is afforded under the Policies.

32.   An actual controversy now exists in that ATAIN contends that no duty to defend LORENZO MARQUEZ and LMC is triggered under the Policies with respect to the Underlying Action based on the NCRE, whereas LORENZO MARQUEZ and  LMC deny this contention.

33.   ATAIN desires a judicial determination with respect to the rights, duties and obligations of ATAIN as to the duty to defend LORENZO MARQUEZ and LMC against the claims asserted in the Underlying Action under the terms and conditions of the Policies in order to bind LORENZO MARQUEZ and LMC and the UNDERLYING PLAINTIFFS to the determination of the Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties and obligations.

**1**      34.    ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## SECOND CAUSE OF ACTION

### Declaratory Judgment – No Duty to Defend Based On the JVP

**4**      35.    ATAIN incorporates the allegations contained in Paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth herein.

      36.    The JVP provides that no person or organization is an insured with respect to the conduct of any current or past "joint venture" or "limited liability company" that is not shown as a Named Insured in the Declarations.

      37.    The Underlying Action alleges that all defendants were the "alter ego, joint venture and enterprise of the other in the construction and development of the Class Homes ("Joint Venture").

      38.    The Joint Venture was not shown as a Named Insured in the Declarations to the Policies.

      39.    The Underlying Action alleges that LMLCC is a limited liability company; and LMLCC was a limited liability company during the pendency of the Policies.

      40.    LMLCC was not shown as a Named Insured in the Declarations to the Policies.

      41.    Based on the terms of the JVP, LORENZO MARQUEZ and LMC do not qualify as insureds under the Policies with respect to the conduct of the Joint Venture.

      42.    Based on the terms of the JVP, LORENZO MARQUEZ and LMC do not qualify as insureds under the Policies with respect to the conduct of LMLCC.

      43.    In the Underlying Action, the property damage claims are the alleged result of the conduct of the Joint Venture and/or LMLCC. With respect to that alleged conduct, LORENZO MARQUEZ and LMC do not qualify as insureds under the Policies. Accordingly, the JVP bar any potential for indemnity coverage under the Policies; and in the absence of such indemnity coverage no duty to defend LORENZO MARQUEZUEZ and LMC is afforded

      44.    An actual controversy now exists in that ATAIN contends that ATAIN owes no duty under the Policies to defend LORENZO MARQUEZ and LMC against the claims asserted in the Underlying Action based on the JVP whereas LORENZO MARQUEZ and LMC deny this contention.



45. ATAIN desires a judicial determination with respect to the rights, duties and obligations of ATAIN as to the duty to defend LORENZO MARQUEZ and LMC against the claims asserted in the Underlying Action under the terms and conditions of the Policies in order to bind LORENZO MARQUEZ and LMC and the UNDERLYING PLAINTIFFS to the determination of the Court. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties and obligations.

46. ATAIN has no adequate remedy at law to resolve the aforesaid controversy.

## THIRD CAUSE OF UNDERLYING ACTION

### Reimbursement Of Defense Costs From Lorenzo Marquez And LMC

47. ATAIN incorporates the allegations contained in Paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. In providing the defense to LORENZO MARQUEZ and LMC under the Policies in connection with the Underlying Action, ATAIN has reserved all rights of reimbursement from LORENZO MARQUEZ and LMC for the cost of defense incurred by ATAIN on behalf of LORENZO MARQUEZ and LMC following adjudication by this Court that no duty to defend LMC was afforded under the Policies with respect to the Underlying Action.

49. ATAIN's reservation of rights created an implied contractual obligation on the part of LORENZO MARQUEZ and LMC to reimburse ATAIN upon adjudication by this Court that no duty to defend was triggered under the Policies with respect to the Underlying Action.

50. By accepting the defense under the Policies with respect to the Underlying Action, LORENZO MARQUEZ and LMC received the benefits under the Policies to which LORENZO MARQUEZ and LMC are not entitled, and LORENZO MARQUEZ and LMC would be unjustly enriched by the retention of those benefits at the expense of ATAIN upon adjudication by this Court that no duty to defend LORENZO MARQUEZ and LMC was triggered under the Policies with respect to the Underlying Action.

51. ATAIN contends that it never owed a duty to defend LORENZO MARQUEZ and LMC under the Policies in connection with the Underlying Action and is therefore entitled to a monetary judgment against LORENZO MARQUEZ and LMC according to proof equal to the sum



expended by ATAIN in the defense of LORENZO MARQUEZ and LMC under the Policies in the Underlying Action.

### PRAYER FOR RELIEF

**WHEREFOR**, ATAIN prays for judgment as follows:

1. For a declaration of this Court binding as to all Defendants which directs that the Policies provide no duty to defend LORENZO MARQUEZ and LMC in connection with the Underlying Action;

2. For a momentary judgment in favor of ATAIN and against LORENZO MARQUEZ and LMC for reimbursement of the cost of defense of LORENZO MARQUEZ and LMC in the Underlying Action for which ATAIN had no duty to provide under the Policies;

3. For ATAIN's costs of suit incurred herein; and

4. For all such other and further relief as the Court may deem just and proper.

DATED: November 22, 2019         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Julian J. Pardini*
THOMAS E. MULVIHILL
JULIAN J. PARDINI
Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY

