# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ATAIN SPECIALTY INSURANCE COMPANY, | Case No. 1:19-cv-01672-DAD-SAB |
|---|---|
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SEEK ENTRY OF DEFAULT OR NOTIFY CLERK WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND TO FILE PROOFS OF SERVICE OR SHOW CAUSE WHY CERTAIN DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE |
| v. | |
| LORENZO MARQUEZ, et al., | |
| Defendants. | |
| | SEVEN DAY DEADLINE |

Atain Specialty Insurance Company ("Plaintiff") filed this action seeking declaratory relief pursuant to 28 U.S.C. § 1332 against Lorenzo Marquez, Karen M. King, Damian Lutz, Adan Cruz Santos, Maricela Solorio Heredia, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Brandon Ramos Estrada, Heriberto Ramos Estrada, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Raymundo Mendez, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz, Cirilo Molina, and Maria Isabel Molina.

The summons and new case documents issued in this action on November 27, 2019. Pursuant to the order setting the mandatory scheduling conference, Plaintiff was to diligently pursue service of the summons and complaint and dismiss those defendants against whom

Plaintiff would not be pursuing claims. (ECF No. 5 at 1.) Plaintiff was ordered to promptly file proofs of service so the Court would have a record of service and counsel was referred to Rule 4 of the Federal Rules of Civil Procedure regarding timely service. (Id. at 1-2.) Plaintiff was advised that the failure to timely serve may result in the imposition of sanctions, including the dismissal of the unserved defendants. (Id. at 2.)

On January 24, 2020, a proof of service was returned for Lorenzo Marquez showing he had been personally served on December 5, 2019. (ECF No. 12.) On January 28, 2020; January 29, 2020; and February 18, 2020, proofs of service were returned for Karen M. King, Damian Lutz, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Raymundo Mendez, Cirilo Molina, and Maria Isabel Molina. The proofs of service show that these individuals were served on January 25, 2020. (ECF Nos. 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31.)

As relevant here, Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within twenty one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). More than twenty-one days have passed since the defendants were served and neither a responsive pleading nor a stipulation to extend time for a responsive pleading has been filed.

Rule 55 of the Federal Rules of Civil Procedure provides that when a party against whom judgment for affirmative relief is sought has failed to defend, the clerk must enter the party's default where that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Accordingly, Plaintiff shall be required to request entry of default or show cause why this action should not be dismissed for failure to prosecute.

Further, no proofs of service have been filed demonstrating that Adan Cruz Santos, Maricela Solorio Heredia, Brandon Ramos Estrada, Heriberto Ramos Estrada, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz have been served in this action. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff shall be required to file proofs of service demonstrating that these defendants have been served or show cause why they should not be dismissed from this action for failure to serve in compliance with Rule 4(m).

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** of the date of entry of this order:

1. Plaintiff shall either

   a) file a request for entry of default against Lorenzo Marquez, Karen M. King, Damian Lutz, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Raymundo Mendez, Cirilo Molina, and Maria Isabel Molina, or

   b) show cause in writing why this action should not be dismissed for failure to prosecute; and

   c) return proofs of service for Adan Cruz Santos, Maricela Solorio Heredia, Brandon Ramos Estrada, Heriberto Ramos Estrada, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz; or

   d) show cause why Adan Cruz Santos, Maricela Solorio Heredia, Brandon Ramos Estrada, Heriberto Ramos Estrada, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz should not be dismissed from this action for failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

///

2. Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: __**March 18, 2020**__

UNITED STATES MAGISTRATE JUDGE