# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO MARQUEZ, et al.,<br><br>Defendants. | Case No. 1:19-cv-01672-DAD-SAB<br><br>ORDER EXTENDING TIME FOR PLAINTIFF TO EFFECT SERVICE OF PROCESS AND FOR DEFENDANTS TO FILE RESPONSIVE PLEADING<br><br>(ECF Nos. 32, 33) |

Atain Specialty Insurance Company ("Plaintiff") filed this action seeking declaratory relief pursuant to 28 U.S.C. § 1332 against Lorenzo Marquez, Karen M. King, Damian Lutz, Adan Cruz Santos, Maricela Solorio Heredia, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Brandon Ramos Estrada, Heriberto Ramos Estrada, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Raymundo Mendez, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz, Cirilo Molina, And Maria Isabel Molina.

Plaintiff has returned proofs of service showing that certain of the defendants in this action had been served by January 25, 2020. (See Order Requiring Plaintiff To Seek Entry Of Default Or Notify Clerk Why This Matter Should Not Be Dismissed For Failure To Prosecute

1

1  And To File Proofs Of Service Or Show Cause Why Certain Defendants Should Not Be
2  Dismissed For Failure To Serve ("Order") 2, ECF No. 32.)  On March 18, 2020, the Order issued
3  requiring Plaintiff to respond within seven days demonstrating that service had been effected on
4  the unserved defendants or why they should not be dismissed for failure to serve and to either
5  file a request for default against the served defendants or a notice informing the court of why this
6  action should not be dismissed for failure to prosecute.  (ECF No. 32.)  On March 19, 2020,
7  Plaintiff filed a response to the Order.  (ECF No. 34.)

8  Based on the response filed, the Court finds good cause exists to extend time for service on the unserved defendants and for the served defendants to file a response to the complaint. However, Plaintiff seeks to effect service on the unserved defendants by leaving a copy of the summons and complaint with the Clerk of the Court pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.  The Court shall deny Plaintiff's request to serve the defendants by leaving the summons and complaint with the Clerk of the Court for the reasons discussed below.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Federal Rule of Civil Procedure 4.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  Direct Mail, 840 F.2d at 688 (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' "  Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

Rule 5 of the Federal Rules of Civil Procedure addresses service of pleadings after service of the complaint. Fed. R. Civ. P. 5(a)(1) ("Unless these rules provide otherwise, each of the following papers must be served on every party: (A) an order stating that service is required; (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants; (C) a discovery paper required to be served on a party, unless the court orders otherwise; (D) a written motion, except one that may be heard ex

parte; and (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.") Initial service of the complaint is governed by Rule 4 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(e) governs service on individuals within a judicial district of the United States and provides that a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, even if service does not comply with one of the three methods described in subsection 2, service is still proper if it complies with the law of the state where the district court is located, or the state where service is completed. Id.

California law allows for service upon an individual by personal delivery to the person to be served. Cal. Civ. Proc. Code § 415.10. California also allows for substitute service on an individual "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office." Cal. Civ. Proc. Code § 415.20(b). However, as stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995).

California also provides for other manner of service where a defendant cannot be located. See California Code of Civil Procedure 415.50(a)(1) ("[a] summons may be served by

publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.").

Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995). However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." Watts, 10 Cal.4th at 749 n.5.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Lorenzo Marquez, Karen M. King, Damian Lutz, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Raymundo Mendez, Cirilo Molina, and Maria Isabel Molina shall file a pleading responsive to Plaintiff's complaint on or before **April 15, 2020**.

2. Plaintiff shall serve a copy of this order on Defendants Lorenzo Marquez, Karen M. King, Damian Lutz, Conrad S Maris, Anh M. Maris, Paul Montemurro, Maria Guadalupe Ochoa, Larry Edward Rodriguez Jr., Agnes A. Rodriguez, Bryce G. Rose, Lesley C. Rose, Maria T. Gutierrez, Jose L. Gutierrez, Francisco J. Gonzalez, Maria Guadalupe Gonzales, Raymundo Mendez, Cirilo Molina, and Maria Isabel Molina and file proof of service within **three (3) days** of the entry of this order;

3. The time for Plaintiff Atain to effect service on Defendants Adan Cruz Santos, Maricela Solorio Heredia, Brandon Ramos Estrada, Heriberto Ramos Estrada, Arturo Rocha Jr., Gabriel Sanchez, Maria Perla-Hernandez Guillen, Domingo Oscar Gabriel, Guadalupe Yadhira Villegas Cruz is extended and Plaintiff shall effect service within **sixty (60) days** of the date of entry of this order.

4. The scheduling conference set for April 17, 2020 is continued to July 20, 2020 at 11:30 a.m. in Courtroom 9; and

5. The parties shall file a joint scheduling report seven (7) days prior to the continued date.

IT IS SO ORDERED.

Dated: __**March 20, 2020**__

UNITED STATES MAGISTRATE JUDGE