UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO MARQUEZ, an individual doing business as LM CONSTRUCTION, et al.,<br><br>Defendants. | No. 1:19-cv-01672-DAD-SAB<br><br>ORDER DENYING DEFENDANT MARQUEZ'S MOTION TO DISMISS OR STAY THIS ACTION<br><br>(Doc. No. 43) |

This matter is before the court on defendant Lorenzo Marquez's motion to dismiss this action for lack of subject matter jurisdiction and failure to state a claim or in the alternative to stay this action pending resolution of an underlying state court action. (Doc. No. 43.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 outbreak, the motion was taken under submission on the papers. (Doc. No. 46.) For the reasons set forth below, defendant Marquez's motion will be denied in its entirety.

**BACKGROUND**

Plaintiff Atain Specialty Insurance Company ("Atain") is an insurance company that is "organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan, and [is] authorized to write insurance as a surplus line[]

1

1 insurer in the State of California." (Doc. No. 1 ("Compl.") at ¶ 4.) Defendant Marquez is an
2 individual residing in California and doing business as LM Construction, which has its principal
3 place of business in Madera, California. (*Id.* at ¶ 5.)
4     Between September 2013 and September 2017, Atain issued four consecutive insurance
5 policies that identified the named insured in the declarations of those policies as Lorenzo
6 Marquez doing business as LM Construction (collectively, "the policies"). (*Id.* at ¶ 21.) The
7 policies contain an insuring agreement wherein Atain agrees to pay any sums that the insured
8 becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to
9 which the policies apply. (*Id.* at ¶ 22.) Each of the policies contains various exclusions that limit
10 the scope of the insuring agreement clause, including, as relevant here, a "New Construction
11 Residential Exclusion." (*Id.* at ¶ 23; *see also id.* at ¶ 25.) That exclusion states that

> it is understood and agreed that no coverage exists and no duty to defend is provided for:
>
> Any and all claims, including but not limited to, claims for "bodily injury," "property damage," or "personal and advertising injury," arising out of, related to, caused by, or associated with, in whole or in part, the "new construction" of residential properties, including but not limited to single family dwellings, duplexes, three and four family dwellings, townhomes or condominiums.

17 (*Id.* at ¶ 24; *see also id.* at ¶ 25.) Each of the policies also includes a "Joint Venture Provision"
18 under the "Who Is An Insured" section, which notes that "[n]o person or organization is an
19 insured with respect to the conduct of any current or past partnership, joint venture or limited
20 liability company that is not shown as a Named Insured in the Declarations." (*Id.* at ¶ 26.)
21     On August 30, 2019, the owners of sixteen single family homes and real property located
22 in Dos Palos, California and/or Merced County, California ("the state court plaintiffs") filed a
23 class action lawsuit ("the underlying action") in the Merced County Superior Court against
24 defendant Marquez, LM Construction, an entity identified as "LM Construction LLC," as well as
25 other individuals and corporate entities. (*Id.* at ¶ 6.) In that underlying action, the state court
26 plaintiffs allege that defendant Marquez is an individual doing business as LM Construction, that
27 LM Construction is his "alter ego," and that he is the managing member, officer, and alter ego of
28 LM Construction LLC. (*Id.* at ¶ 7.) They also allege that defendant Marquez and each of the

defendants in that action, including the other named individuals and corporate entities, are engaged in the business of developing, designing, constructing, and selling real estate, that each of those defendants are the "alter ego, joint venture and enterprise of the other" and that each of the them had a "joint economic and business interest, goal, and purpose" in the construction of the homes of the state court plaintiffs. (*Id.* at ¶¶ 7, 8.) The state court plaintiffs also allege that defendant Marquez and the other defendants in that action "developed, designed, constructed, marketed, and/or sold" them homes that suffer from "common class water heater system deficiencies," which allegedly fall below the relevant construction and performance standards. (*Id.* at ¶ 9.) The state court plaintiffs assert the following eight causes of action against defendant Marquez and the other defendants in that action: strict liability, negligence, negligence *per se*, breach of express warranties, breach of implied warranties, breach of contract, breach of third party beneficiary contract, and violation of California Civil Code §§ 896 *et seq*. (*Id.* at ¶ 10.)

Although the exact date is not alleged in Atain's complaint filed with this court, defendant Marquez tendered the underlying action to Atain for a defense and indemnification pursuant to the insurance policies. (*Id.* at ¶ 27.) Atain agreed to defend defendant Marquez in the underlying action subject to a reservation of its rights under the policies, including seeking a judicial declaration that it is not obligated to defend defendant Marquez in the underlying state court action, and recovering all defense fees and costs it will have incurred in defending him in that action. (*Id.*)

On November 25, 2019, Atain initiated this declaratory relief action in this federal court against defendant Marquez doing business as LM Construction and the state court plaintiffs.[1] (Compl.) Therein, Atain seeks a declaration from this federal court that the damages sought by the state court plaintiffs against defendant Marquez in the underlying action are not covered under the insurance policies because of the new residential construction exclusion and joint venture

---

[1] On August 11, 2020, Atain and the state court plaintiffs stipulated to dismissing the state court plaintiffs from this action. (Doc. No. 62.) The state court plaintiffs agree to be bound by this court's judgment in this declaratory judgment action. (*Id.* at 2.) On August 12, 2020, the court gave effect to the stipulation and terminated the state court plaintiffs from this action. (Doc. No. 63.)

3

1  provision, and further seeks to recover its costs expended to defend Marquez in the underlying
2  action.
3        On April 15, 2020, defendant Marquez filed the pending motion to dismiss this action for
4  lack of subject matter jurisdiction and for failure to state a claim.  (Doc. No. 43 at 5–12.)  In the
5  alternative, defendant Marquez asks this court to stay this action pending resolution of the
6  underlying action in state court.  (*Id.* at 12–14.)
7        On May 20, 2020, Atain filed its opposition to the pending motion, and on May 27, 2020,
8  defendant Marquez filed his reply thereto.  (Doc. Nos. 49, 52.)

9  **DISCUSSION**

10        The court will first address defendant Marquez's argument that this court lacks subject
11  matter jurisdiction over this action.

12  **A.**      **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

13        "When a defendant moves to dismiss a complaint or claim for lack of subject matter
14  jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the
15  claim."  *Cannon v. Harco Nat'l Ins. Co.*, No. 09-cv-00026-MMA-JMA, 2009 WL 10725673, at
16  *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d
17  730, 733 (9th Cir. 1979)).  A motion to dismiss for lack of subject matter jurisdiction pursuant to
18  Federal Rule of Civil Procedure 12(b)(1) "may be facial or factual."  *Safe Air for Everyone v.*
19  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the
20  allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."
21  *Id.* (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "The district court resolves a facial
22  attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations
23  as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether
24  the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane*
25  *Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  As is true in evaluating a Rule 12(b)(6) motion, the
26  court need not assume the truth of legal conclusions cast in the form of factual allegations.
27  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  "By contrast, in a
28  factual attack, the challenger disputes the truth of the allegations that, by themselves, would

otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  Notably, courts can consider extrinsic evidence for factual attacks, and may review "*any* evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (emphasis added) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).

In the pending motion, defendant Marquez argues that this court lacks subject matter jurisdiction over this action both because diversity of citizenship is lacking and because the amount in controversy has not been sufficiently alleged, as required by 28 U.S.C. § 1332.  The court addresses each argument in turn below.

> 1. Diversity of Citizenship

"[A] corporation [is] . . . a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) ("[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction:  the state of incorporation and the state in which it has its principal place of business.").  The Supreme Court has held that

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" . . ..

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("In *Hertz*, the Supreme Court resolved [ ] differing circuit court interpretations and settled on the 'nerve center' test," thus "provid[ing] a uniform test for courts to apply when determining the principal place of business for federal diversity jurisdiction purposes.").

Here, defendant Marquez argues that "although Atain has alleged that they are a citizen of the State of Michigan, it is clear from their filings [in this action] that they are also citizens of the State of California."  (Doc. No. 43 at 6.)  Specifically, defendant Marquez contends that Atain's "principal place of business" is in California because:

> Atain, within their filings, produced endorsements through their broker – Burns & Wilcox, registered as a California Corporation but claiming the same corporate offices in Farmington Hills, MI as Atain. (See Plaintiff's Document 1-2, Page 75 of 166, and Document 1-3, Page 6 of 77). Although the insurer is listed as Atain Specialty Insurance Company, the endorsement is countersigned by Bonnie Frank, an associate managing director of Burns & Wilcox, located in San Diego. Both Atain and Burns & Wilcox are wholly owned subsidiaries of H.W. Kaufman, Inc. (See Exhibit B), and all three entities declare that their corporate offices are in Farmington Hills, MI, while producing and signing the policies out of their San Diego, California office by Corporate Officers residing and conducting their principal business in California.

(*Id.*) Defendant Marquez argues that Atain's allegation that its principal place of business is in Farmington Hills, Michigan "is not consistent with the documents they have submitted in this matter demonstrating that their co-subsidiaries and their corporate officers are headquartered in, and conducting business in California." (*Id.*) The court is not persuaded by this argument.

First, defendant Marquez provides no analysis in support of his assertion that Atain's principal place of business is in California. Marquez argues that Atain's "corporate officers" reside and conduct business in California but, except for mentioning the associate managing director for Burns & Wilcox, he does not identify who these corporate officers are, much less why he believes them to be *Atain*'s corporate officers. Moreover, even if the court were to assume that Atain has corporate agents conducting business in California, defendant Marquez does not contend in the pending motion that these alleged agents direct, control, and coordinate Atain's corporate activities, or that Atain is headquartered in California. Second, defendant Marquez provides no argument, analysis, or support in the case law for his contention that because Burns & Wilcox is located in San Diego, California, that necessarily means that *Atain*'s principal place of business is in San Diego, California. Third, defendant Marquez argues that because he challenged Atain's allegations with respect to jurisdiction, Atain had an obligation "to step up and demonstrate their 'nerve center' was in Michigan . . .." (Doc. No. 52 at 4); *see also Hertz Corp.*, 559 U.S. at 96–97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."). However, here, the court finds that defendant Marquez has not actually challenged Atain's allegation that its principal place of business is in Farmington Hills, Michigan; rather, he has merely leveled general, unsupported,

1  and vague arguments that Atain's principal place of business is in California.  *See Braase v.*
2  *Battelle Energy All., LLC*, No. 4:14-CV-00481-EJL, 2016 WL 676358, at *1 (D. Idaho Feb. 18,
3  2016) ("A factual attack [on subject matter jurisdiction] . . . does not assume the truth of a
4  plaintiff's allegations but instead challenges them *by introducing extrinsic evidence*, requiring the
5  plaintiff to support his jurisdictional allegations with competent proof.") (emphasis added); *Int'l*
6  *Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers Local 1 v. Kirk &*
7  *Blum Mfg. Co., Inc.*, No. 09 C 2014, 2010 WL 11655414, at *2 (N.D. Ill. Feb. 25, 2010)
8  ("Ordinarily, though, a factual challenge [to subject matter jurisdiction] requires more than a
9  conclusory assertion that a factual basis for jurisdiction does not exist; the defendant must provide
10 some evidence supporting jurisdiction is not proper."); *see also McNutt v. Gen. Motors*
11 *Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("If [the plaintiff's] allegations of
12 jurisdictional facts are challenged by his adversary *in any appropriate manner*, he must support
13 them by competent proof.") (emphasis added).

14     Accordingly, the court finds that Atain is a citizen of Michigan and thus there is a
15 complete diversity of citizenship here to support this court's jurisdiction over the matter.

16     2. <u>Amount in Controversy</u>

17     Defendant Marquez next argues that this court lacks subject matter jurisdiction over this
18 action because Atain has failed to sufficiently allege that the amount in controversy here exceeds
19 $75,000.00.  (Doc. No. 43 at 6–8.)  Specifically, he argues that "there is not one single dollar
20 amount referenced in Plaintiff's Complaint nor their volumes of attachments."  (*Id.* at 7.)

21     Pursuant to 28 U.S.C. § 1332, where, as here, the parties in an action are citizens of
22 different states, "[t]he district courts shall have original jurisdiction of all civil actions where the
23 matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  The
24 amount in controversy "includes claims for general and special damages (excluding costs and
25 interests), attorneys fees if recoverable by statute or contract, and punitive damages, if
26 recoverable as a matter of law."  *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 WL
27 3863489, at *2 (E.D. Cal. Aug. 19, 2008).  "When a plaintiff files suit in federal court, [courts]
28 use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in

7

1    controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).  Under this test,
2    "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v.*
3    *Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *see also St. Paul Mercury Indem. Co. v. Red*
4    *Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in
5    cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by
6    the plaintiff controls if the claim is apparently made in good faith.").

7    Here, the court notes that Atain's complaint in this action does not allege a specific
8    amount in controversy.  (*See generally* Compl.)  The parties agree that when an insurer seeks a
9    judicial declaration that it does not owe a duty to defend an insured with respect to an underlying
10   lawsuit, the amount in controversy in the declaratory relief action is the amount of potential
11   liability in the underlying action plus the costs incurred by the insurer in defending the insured in
12   the underlying action.  (*See* Doc. Nos. 43 at 7; 49 at 3.)  Defendant Marquez notes that the
13   complaint and first amended complaint in the underlying state court action, which were attached
14   to the complaint in this action, also do not allege the monetary value of the claims asserted by the
15   state court plaintiffs in that action.  (Doc. No. 43 at 7; *see also* Doc. No. 1-1, Exs. A, B.)

16   Although Atain has failed to specifically and clearly articulate the amount in controversy
17   in its complaint, in opposition to the pending motion, it points to the allegations in the underlying
18   state court action to show that the amount in controversy in this action exceeds $75,000.00.  (Doc.
19   No. 49 at 3–4.)  As noted, the underlying lawsuit is a class action wherein the owners of *sixteen*
20   single family homes and real property located in California claim that defendant Marquez and
21   others allegedly developed, designed, constructed, marketed, and/or sold them homes that suffer
22   from water heater system deficiencies, which allegedly fell below the relevant construction and
23   performance standards.  (*See generally* Doc. No. 1-1, Exs. A, B.)  The state court plaintiffs allege
24   that the defective construction has resulted in various types of damages to their homes, including
25   but not limited to property damage to the homes' foundations, interiors and exterior finishes,
26   driveways, roof and roof components, wall finishes, sub-floors, as well as corrosion of pipes,
27   valves, connections, fittings and loss of function thereof, and the costs to repair and correct the
28   various deficiencies.  (*Id.* at 19–20.)  The state court plaintiffs seek general and special damages,

costs of suit, and attorneys' fees and costs.  (*Id.* at 29.)  Moreover, in this declaratory action, Atain seeks recovery of the costs to defend Marquez in the underlying action, which was filed in August of 2019.  (Compl.)

Based on the nature of the claims in the underlying action and the number of plaintiffs in that action, as well as the fact that Atain will be entitled to recover the costs it has already incurred in defending Marquez in the underlying action should it prevail before this court, the court finds that it appears to a legal certainty that the amount in controversy in this action exceeds $75,000.00.

Because defendant Marquez has failed to establish that this court lacks subject matter jurisdiction over the matter, his motion to dismiss this action for lack of subject matter will be denied.

**B.      Motion to Dismiss for Failure to State a Claim**

Defendant Marquez next argues that Atain's complaint for declaratory relief fails to state a claim upon which relief can be granted, citing to the factors that a district court is to consider when determining whether to maintain jurisdiction over a declaratory relief action.  (Doc. No. 43 at 9–10); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011).  Defendant Marquez's argument is misplaced.  Atain's complaint does state a claim upon which relief may be granted:  Atain alleges that it has no obligation to defend defendant Marquez in the underlying state court action pursuant to the insurance policies because of the new construction residential exclusion and the joint venture provision of those policies.  Whether that is true remains to be seen; that is the point of this litigation.  However, assuming that Atain's allegations are true, as the court must at this stage of these proceedings, those allegations plausibly state a cognizable claim.

To the extent that defendant Marquez is arguing that this federal court should decline to exercise its jurisdiction over this declaratory relief action, the court is also not persuaded by that argument.  The Ninth Circuit has held that in determining whether it should maintain jurisdiction over a declaratory action, a district court

/////

9

>   is to consider a variety of factors, including whether retaining jurisdiction would: (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust *res judicata* advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties.

*Allstate Ins. Co.*, 634 F.3d at 1107. Below, the court addresses each of these factors in turn.

### 1. Needless Determination of State Law Issues

"A 'needless determination of state law' arises under several circumstances. It may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.*, a diversity action)." *757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 330 F. Supp. 3d 1153, 1162 (D. Ariz. 2016). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)

Defendant Marquez's argument with respect to this first factor is confusing and difficult to decipher. He appears to be arguing that because LM Construction LLC is a named as a defendant in the underlying state court action, this court will have to determine whether the LLC was covered by the policies, requiring it to "review the facts independent of the state court matter, and apply California Law – and possibly come to a different conclusion regarding the relative role of the LLC in determining whether to coverages were appropriately excluded." (Doc. No. 43 at 10.) Again, defendant Marquez's argument is misplaced. This is a declaratory relief action in which Atain is seeking a declaration that it has no duty to defend defendant Marquez doing business as LM Construction in the underlying state court action. LM Construction LLC is not a named defendant in this action, and defendant Marquez does not contend that the LLC is covered by the insurance policies at issue. Moreover, the underlying state court action is not concerned with the scope of coverage owed by Atain to defendant Marquez, or to any other defendant in that action for that matter. In other words, the underlying state court proceeding is not addressing the coverage issue that this court is presented with here. Accordingly, the court finds that

10

consideration of this first factor does not weigh in favor of the court declining exercise of its jurisdiction.

### 2. Forum Shopping

Defendant Marquez concedes that this factor is not at issue in this action. (Doc. No. 43 at 11.) Accordingly, this factor is neutral.

### 3. Risk of Duplicative Litigation

Defendant Marquez argues that "there is no reason why Atain cannot file a declaratory judgment action in state court that resolves the duty to defend." (*Id.*) Be that as it may, Atain chose to file its declaratory judgment action in this federal court. Again, the issues before this court concern the scope of coverage as it relates to the insurance policies Atain issued to defendant Marquez and the claims asserted against him in the underlying action. These coverage issues are not pending before the state court, nor is Atain a party in the underlying state court action. There is therefore very little, if any, risk of duplicative litigation. Accordingly, the court finds that consideration of this factor also does not weigh in favor of declining jurisdiction.

### 4. Resolve All Aspects of the Controversy in a Single Proceeding and Clarify the Legal Relations at Issue

Defendant Marquez concedes that "it is not likely that [the fourth and fifth] factors favor[] declining jurisdiction." (*Id.* at 12.) Indeed, it appears that defendant Marquez concedes that this court's retention of this action will resolve all the issues presented here. (*See id.*) ("It is likely that retaining jurisdiction would resolve the only controversy in this matter—Atain's duty to defend Marquez."). Accordingly, the court finds that consideration of the fourth and fifth factors also do not weigh in favor of declining the exercise of jurisdiction.

### 5. Unjust Res Judicata Advantage

Defendant Marquez argues that, "[a]lthough the issue of coverage is not per-se an issue in the State Court matter, it has been made an issue by Atain's request to exclude coverage to the LLC." (*Id.*) The court is again confused by defendant Marquez's argument. To the extent that he is contending that any determination this court makes with respect to coverage will adversely affect LM Construction LLC in the underlying state court action, this court again notes that its

11

determinations with respect to insurance coverage have no relation to the determination of whether or not any of the defendants in the underlying action, including the LLC, are liable to the state court plaintiffs. Moreover, the LLC is not a defendant in this action, nor is it a named as an insured in any of the applicable policies. Accordingly, the court finds that its retention of jurisdiction over this action will not result in an unjust *res judicata* advantage for any party, and that consideration of this factor therefore also does not weigh in favor of declining jurisdiction.

### 6. Entangling the Federal and State Courts

With respect to this factor, defendant Marquez argues that "[c]learly, this declaratory judgment request by Atain will entangle the two courts, and require this Court to ascertain state law issues of agency, liability, and responsibility that are better left in state court." (*Id.*) First, the court is unsure as to what issues of agency, liability, and responsibility defendant Marquez is referring to in advancing this argument. Second, as discussed above, this action is not entangling this federal court and the state court that is presiding over the underlying action. To the contrary, the issues presented to the two courts are distinct and do not appear to overlap or directly affect one another. Accordingly, consideration of this factor also does not weigh in favor of declining the exercise of jurisdiction.

### 7. Convenience of the Parties

Finally, defendant Marquez contends that he will be inconvenienced by being "forced to litigate and conduct discovery in both federal and state court on a matter that could very easily be brought in state court." (*Id.*) He argues that as a result of Atain's decision to file this action in federal court, "counsel for Marquez in the State Court matter – retained by Atain, is effectively prevented from litigating in this matter, requiring two sets of counsel on two matters." (*Id.*) The court is again baffled by defendant Marquez's arguments. If Atain had elected to file this declaratory action in state court, defendant Marquez would still have had to litigate (and therefore incur costs and conduct discovery in connection with) two separate actions: one against the state court plaintiffs, and the other against Atain. Moreover, it is highly unlikely that the counsel Atain has retained to defend Marquez in the underlying action would be able to defend him against Atain's coverage suit, given the obvious conflict of interest that would be posed by such

representation. Accordingly, consideration of this final factor also does not weigh in favor of declining jurisdiction.

The court concludes that consideration of all the relevant factors does not weigh in favor of declining jurisdiction over this action. Accordingly, defendant Marquez's request that this court decline to exercise its jurisdiction over this declaratory action will be denied.

**C.      Motion to Stay this Action Pending Outcome of Underlying Action**

In the last of what appear to be his desperate attempts to convince this court not to consider the merits of Atain's claims in this action, defendant Marquez requests that this court stay this action pending the outcome of the underlying action in state court. (Doc. No. 43 at 13–14.) "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993).

Here, for the reasons discussed above, the court finds that a stay is not warranted at this time because defendant Marquez has not established that the coverage questions in this action turn on the facts that are being litigated in the underlying state court action. Although defendant Marquez does not make this argument, the court notes that there is a potential for overlap of factual issues given that one of Atain's claims in this action is that it has no duty to defend Marquez based on the joint venture provision in its insurance policies and the fact that the state court plaintiffs allege that the defendants in the underlying action were part of a joint venture. (Compl. at 11.) Were this court to make a determination as to whether the joint venture provision applies in this coverage action, that determination may not be consistent with the state court's determination as to whether the defendants in the underlying action were part of a joint venture. However, there is nothing now before the undersigned suggesting that this issue has been or will be litigated in the underlying action or whether the parties in that action have stipulated to that fact. In fact, the issue has not been broached, let alone briefed.

/////

/////

Because the burden is on defendant Marquez as the movant seeking a stay, and because he has not established that the coverage questions in this action turn on facts to be litigated in the underlying state court action, defendant Marquez's motion to stay this action will also be denied.

## CONCLUSION

For the reasons set forth above, defendant Marquez's motion to dismiss this action for lack of subject matter jurisdiction and failure to state a claim or in the alternative to stay this action pending resolution of the underlying action (Doc. No. 43) is denied.

IT IS SO ORDERED.

Dated: __August 19, 2020__          _____
                                    UNITED STATES DISTRICT JUDGE